Rachael L. Smiley (State Bar. No. 24066158)
Alex Campbell (State Bar No. 24095536)
**FERGUSON BRASWELL FRASER KUBASTA PC**
2500 Dallas Parkway, Suite 600
Plano, TX 75093
Phone: 972-378-9111
Fax:    972-378-9115
rsmiley@fbfk.law
acampbell@fbfk.law

**COUNSEL FOR DEBTOR IN POSSESSION**

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE NORTHERN DISTRICT OF TEXAS
### FORT WORTH DIVISION

| | |
|---|---|
| In re | Chapter 11 |
| LEADING LIFE SENIOR LIVING, INC., | Case No. 22-42784-MXM |
| Debtor. | |

**DEBTOR'S EXPEDITED MOTION FOR ENTRY OF AN ORDER: (I) CONDITIONALLY APPROVING THE ADEQUACY OF THE DISCLOSURE STATEMENT; (II) SCHEDULING COMBINED HEARING ON (A) ADEQUACY OF DISCLOSURE STATEMENT AND (B) CONFIRMATION OF PLAN; (III) APPROVING FORM AND MANNER OF NOTICE OF COMBINED HEARING, SOLICITATION PROCEDURES, BALLOTS, AND RELATED DEADLINES; (IV) FIXING DEADLINE TO OBJECT TO DISCLOSURE STATEMENT AND PLAN; AND (V) GRANTING RELATED RELIEF**

Leading Life Senior Living, Inc. ("**Debtor**") hereby moves (the "**Motion**"), pursuant to sections 105(a) and (d), 1125 and 1128 of title 11 of the United States Code (the "**Bankruptcy Code**"), Rules 2002, 3016, 3017-3, 3018, 3020 and 9006 of the Federal Rules of Bankruptcy Procedures, and Local Bankruptcy Rules 2002-1(b), 3017-1, 3017-3, and 3020-1 for entry of an order, substantially in the form attached hereto ("**Proposed Order**"): (i) scheduling a combined

hearing ("**Combined Hearing**") on the (a) adequacy of the disclosure statement and (b) confirmation of the plan of liquidation, respectively, filed in this case; (ii) approving the form and manner of notice of the Combined Hearing, solicitation procedures, ballots, and related deadlines; (iii) fixing a deadline to object to the plan and disclosure statement; and (iv) granting related relief. In support of this Motion, the Debtor relies upon and incorporates by reference the *Declaration of Joseph V. Pegnia in Support of First Day Motions and Applications*, dated November 18, 2022 [Docket No. 4] (the "**First Day Declaration**"), and further represents as follows:

## I.    JURISDICTION AND VENUE

1.    This Court has jurisdiction over this Motion under 28 U.S.C. § 1334. This Court can hear and determine this matter in accordance with 28 U.S.C. § 157 and the standing order of reference of bankruptcy cases and proceedings in this District. This matter is a core proceeding, and venue for this Motion is proper in this district under 28 U.S.C. §§ 1408 and 1409.

2.    The statutory predicates for the relief requested herein are Bankruptcy Code sections 105(a) and (d), 1125 and 1128, Rules 2002, 3016, 3017, 3018, 3020 and 9006 of the Federal Rules of Bankruptcy Procedures, and Local Bankruptcy Rules 2002-1(b), 3017-1, 3017-3, and 3020-1.

## II.    BACKGROUND

3.    On November 18, 2022 (the "**Petition Date**"), the Debtor filed a voluntary petition for relief in this Court under chapter 11 of the Bankruptcy Code (the "**Case**").

4.    The Debtor remains in possession of its property and is operating its business as a debtor-in-possession, pursuant to sections 1107 and 1108 of the Bankruptcy Code. No trustee, examiner, or statutory committee has been appointed in this Case.

5.    A detailed description of the Debtor's business, capital structure, and the events

leading to this Case is fully set forth in the First Day Declaration and is incorporated herein by reference.

6. The Debtors previously sold substantially all of their assets pursuant to the Court's *Order Approving the Sale of Substantially All of the Debtor's Assets Pursuant to 11 U.S.C. §363 and Granting Related Relief* [Docket No. 140] (the "**Sale Order**"). The sale closed on or about March 17, 2023, and the Debtor's remaining assets consist of the proceeds from the sale (the "**Assets**"). The Debtor has a fiduciary duty to its creditors, who are primarily comprised of the beneficial holders of the secured bonds issued to finance the acquisition of the Debtor's facilities (the "**Bondholders**") and UMB Bank, N.A. (the "**Indenture Trustee**") to promptly liquidate its Assets in a timely fashion, before tax penalties could potentially be assessed against the Assets, and to avoid, to the extent possible, additional administrative costs associated with keeping this chapter 11 Case open.

### III. RELIEF REQUESTED

7. The Debtor filed its proposed Plan and Disclosure Statement[1] substantially contemporaneously with this Motion. Because confirmation of the Plan is unlikely to be contested by many, if any, parties, the Debtor believes it will be in the best interests of all of its creditors and all parties in interest to conserve resources and shorten the path to confirmation by holding a Combined Hearing on both the Plan and the Disclosure Statement. By this Motion, the Debtor requests that the Court enter an order conditionally approving the Disclosure Statement and approving the following deadlines (together, the "**Confirmation Deadlines**"):

---

[1] *Debtor's Plan of Liquidation of Leading Life Senior Living, Inc. Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 153] (the "**Plan**") and *Disclosure Statement for Debtor's Plan of Liquidation of Leading Life Senior Living, Inc. Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 154] (the "**Disclosure Statement**").

- Scheduling a Combined Hearing on (a) the adequacy of the Disclosure Statement; and (b) the confirmation of the Plan;

- Approving the form and manner of notice of the Combined Hearing (the "**Combined Notice**") as set forth the in the attached **Exhibit A**, the form of ballots for voting on the Plan attached hereto as **Exhibit B** and deadlines related to the Combined Hearing on the Plan and Disclosure statement, including:

    o The voting record date;

    o The mailing deadline for Plan Solicitation Materials (defined below);

    o The plan voting deadline; and

    o The deadline to file objections to the adequacy of the Disclosure Statement and/or the confirmation of the Plan.

8. The following table summarizes the relevant dates requested in the Motion (subject to the Court's calendar):

| Event | Date/Deadline |
|---|---|
| Voting Record Date | May 22, 2023 |
| Plan Solicitation Materials to be mailed | May 24, 2023 |
| Deadline for Debtor to file Plan Supplement | June 14, 2023 |
| Plan Voting Deadline | June 21, 2023 |
| Plan/Disclosure Statement Objection Deadline | June 21, 2023 |
| Deadline to file briefs in support of confirmation or responses to Plan and Disclosure Statement Objections | June 26, 2023 |
| Combined Plan and Disclosure Statement Hearing | June 28, 2023 |

### IV.    BASIS FOR RELIEF

**A.    The Court Should Schedule a Combined Hearing on the Adequacy of the Disclosure Statement and the Confirmation of the Plan**

9. The Debtor seeks a Combined Hearing to consider the adequacy and approval of the Disclosure Statement and solicitation procedures thereunder, as well as the confirmation of its proposed Plan of liquidation. Section 1128(a) of the Bankruptcy Code provides that "[a]fter

notice, the court shall hold a hearing on confirmation of a plan." 11 U.S.C. § 1128(a). However, section 105(d) also provides the Court with the authority to combine the hearing on approval of the disclosure statement with the hearing on the confirmation of the plan by "fix[ing] the scope and format of the notice to be provided regarding the hearing on approval of the disclosure statement." 11 U.S.C. § 105(d)(2)(B)(v). Local Rule 3017-3(a) also expressly provides that "[i]In appropriate circumstances, a plan proponent may file a motion requesting (i) conditional approval of a disclosure statement; (ii) approval of solicitation procedures and forms of ballots and notices; and (iii) the scheduling of a joint hearing to consider final approval of the adequacy of the disclosure statement and confirmation of a proposed plan." Bankr. N.D. Tex. Local Rule 3017-3(a). Furthermore, Bankruptcy Rule 3020(b)(1) provides that objections to confirmation of a plan must be filed "within a time fixed by the court." Fed. R. Bankr. P. 3020(b)(1).

10. Although the Bankruptcy Rules 2002(b) and 3017(a) require that 28 days' notice be given by mail to all creditors of the time fixed for filing objections to approval of a disclosure statement or confirmation of a plan of reorganization, the Court has the discretion to shorten such period under Bankruptcy Rule 9006(c)(1), which provides that "when an act is required or allowed to be done at or within a specified time by these rules or by a notice given thereunder or by order of the court, the court for cause shown may in its discretion with or without motion or notice order the period reduced." Fed. R. Bankr. P. 9006(c)(1). As such, the Court has discretion to reduce the time periods applicable in this case to the approval of the Disclosure Statement and Confirmation of the Plan. *See also* Fed. R. Bankr. P. 9006(c)(2) (specifying those time periods fixed by the Bankruptcy Rules which may not be shortened by the Bankruptcy Court pursuant to Bankruptcy Rule 9006).

11. In the Debtor's case, it is appropriate for the Court to shorten the notice periods for the objecting to the Plan and Disclosure Statement and to hold a Combined Hearing on the Plan and Disclosure Statement for the following reasons: (1) the Debtor has very few unsecured creditors with sizable claims; and (2) all creditors to be paid under the proposed Plan will benefit from the reduced administrative costs associated with an accelerated Plan confirmation schedule. In short, there is little or no risk of prejudice or lack of notice and opportunity to be heard to any party with an interest in this Case if the Court is to approve the Disclosure Statement and confirm the Plan on a date at a Combined Hearing that is approximately 47 days from the filing of this Motion, and section 105(d)(2)(B)(v) of the Bankruptcy Code, as well as Local Rule 3017-3(a), provide the Court with the full power to order such a Combined Hearing.

B.  **The Court Should Conditionally Approve the Disclosure Statement**

12. Section 1125 of the Bankruptcy Code requires a bankruptcy court to approve a written disclosure statement prior to allowing a plan proponent to solicit acceptances for a chapter 11 plan. *See* 11 U.S.C. § 1125(b).[2] To approve a disclosure statement, a court must find that the disclosure statement contains "adequate information," which is defined as "information of a kind, and in sufficient detail . . . that would enable such a hypothetical investor of the relevant class to make an informed judgment about the plan." 11 U.S.C. § 1125(a)(1); *see also In re Woerner*, 783 F.3d 266, 271 (5th Cir. 2015) ("The proponent of a reorganization plan . . . must provide a court-approved disclosure statement that contains 'adequate information' about the assets, liabilities,

---

[2] Pursuant to section 105(d)(2)(B) of the Bankruptcy Code, the Court has the power to issue an order that is not otherwise inconsistent with the Bankruptcy Code or Bankruptcy Rules that "fixes the scope and format of the notice to be provided regarding the hearing on approval of the disclosure statement" and "provides that the hearing on approval of the disclosure statement may be combined with the hearing on the confirmation of the plan." 11 U.S.C. §§ 105(d)(2)(B)(v) and (vi). Accordingly, the proposed order on this Motion and proposed Combined Notice provide that the Court will consider approval of the adequacy of the Disclosure Statement at the same time it considers confirmation of the Plan at a combined hearing.

and financial affairs of the debtor sufficient to enable creditors to make an 'informed judgment' about the plan."); *In re Tex. Rangers Baseball Partners*, 521 B.R. 134, 176 (Bankr. N.D. Tex. 2014) ("Section 1125 of the Bankruptcy Code entitles creditors to 'adequate information' so they can make an informed decision on whether to accept or reject a chapter 11 plan.").

13. The Fifth Circuit has held that the determination of the "adequacy" of the information is largely dependent upon the particular circumstances of the case and the nature of the plan proposed, and therefore is left to the discretion of the court. *See In re Texas Extrusion Corp.*, 844 F.2d 1142, 1157 (5th Cir. 1988) ("'Adequate information' is defined in 11 U.S.C. § 1125(a) as being 'information of a kind, and in sufficient detail…that would enable a hypothetical reasonable investor typical of holders of claims or interests of the relevant class to make an informed judgment about the plan.'").

14. The Disclosure Statement filed by the Debtor contains the pertinent information necessary for holders of claims to make an informed decision about whether to vote to accept or reject the Plan, including, among other things, information regarding:

- instructions for submitting votes on the Plan and who is entitled to vote (Section I);

- the business of the Debtor and its stated reasons as to why it commenced its Chapter 11 Case (Section III);

- significant events that have occurred in the Chapter 11 Case (Section IV);

- the material terms of the Plan, including, without limitation, how the Plan treats creditors, how distributions will be made under the Plan, and the manner in which disputed claims will be resolved (Section VI);

- how the Plan will be implemented and funded (Section VI);

- events and conditions that must occur or be waived before the Plan cam become effective (Section VI);

- alternatives to the Plan, including an analysis of the estimated recoveries in a Chapter 7 liquidation (Section VII); and

- certain risk factors creditors should consider before voting (Section VIII).

*See In re Metrocraft Pub. Services, Inc.,* 39 B.R. 567, 568 (Bankr. N.D. Ga. 1984) (listing relevant factors for evaluating the adequacy of a disclosure statement); *see also In re ReoStar Energy*, 2012 WL 1945801 at *2 (Bankr. N.D. Tex. May 30, 2012) (noting that "courts have developed checklists for determining whether a disclosure statement meets the requirements of section 1125").

15. The Debtor submits that the Disclosure Statement contains the information bankruptcy courts typically consider when determining whether the information in a disclosure statement is adequate. Accordingly, the Debtor respectfully requests that this Court conditionally approve the Disclosure Statement as it meets the requirements of section 1125 of the Bankruptcy Code.

    **C.**    **The Court Should Approve the Solicitation Procedures, Forms of Ballots, and Voting Procedures**

16. **Solicitation Procedures**: The Debtor proposes to mail copies of the Plan, Disclosure Statement, the Combined Hearing Order, Combined Notice, and ballots (together, the "**Solicitation Materials**") to creditors not later than May 24, 2023 (the "**Solicitation Date**"). The deadlines set under the proposed order submitted with this Motion (the "**Combined Hearing Order**"), along with the requirements for the Debtor to mail out the Solicitation Materials not later than the Solicitation Date, together make up the "**Solicitation Procedures**."

17. The proposed deadlines in paragraph 8, above, are sufficient to provide creditors and parties in interest with proper notice and to otherwise comply with Bankruptcy Rules 2002,

3017, 3018, 3020 and Local Bankruptcy Rules 2002(1)(b), 3017-1, 3017-3, and 3020-1(b). The Debtor t submits that the Solicitation Procedures should therefore be approved.

18. **Forms of Ballots**: The Plan provides for five (5) classes of claims. The Plan impairs all classes, and all classes are entitled to vote and are being solicited (the "**Voting Classes**").

19. Bankruptcy Rule 3017(d) requires a plan proponent to mail a form of ballot, substantially the form of Official Form No. 314, to "creditors and equity security holders entitled to vote on the plan." *See* Fed. R. Bankr. P. 3017(d). Furthermore, in order to be valid, a ballot shall be written, signed by the claimholder or interest holder or an authorized agent, and appropriately conformed to the official form. *See* Fed. R. Bankr. P. 3018(c).

20. Accordingly, the Debtor proposes to distribute ballots to the Voting Classes substantially in the forms attached hereto as **Exhibit B** (the "**Ballots**").

21. **Voting Procedures**: On or before the Solicitation Date, the Debtor proposes to mail the Solicitation Materials described above to the mailing addresses listed in the proof of claim associated with each claim holder, to the extent one was filed, or the address associated with the claim holder as listed in the Debtor's Schedules. Solicitation materials will also be provided by the Debtor to each beneficial holder of the secured bonds issued to finance the acquisition of the Debtor's facilities.

22. The Debtor proposes that the Court approve a deadline of June 21, 2023 for creditors in the Voting Classes to submit ballots for or against the confirmation of the Plan.

23. To be counted, the Ballots sent to the Voting Classes must be received by counsel to the Debtor by overnight carrier, United States Postal Service, hand delivery or email not later than 5:00 p.m. CT on June 21, 2023 (the "**Voting Deadline**"). As set forth in the Disclosure

Statement and in the instructions on the Ballots, any Ballot received after the Voting Deadline or otherwise not in compliance with the voting instructions will not be counted except as determined by the Debtor in its sole discretion.

24. The Combined Notice to be served on all creditors and parties in interest as part of the Solicitation Materials expressly provides information regarding the Voting Deadline and how to submit Ballots, as well as the deadline to file and serve objections to the Plan and Disclosure Statement (also June 21, 2023 at 5:00 pm CT). The Combined Notice further apprises parties that "[i]f you hold a Claim in the Voting Classes, please review and consider the Solicitation Materials carefully, follow the instructions to complete your ballot, and timely return your ballot." See **Exhibit A** at p. 2.

25. The Debtor submits that the procedures outlined in the Ballots, Disclosure Statement and the Combined Notice for submitting votes for or against confirmation of the Plan are sufficient to permit Voting Classes to vote on the Plan and inform them regarding how to do so, and that the voting procedures should be therefore be approved.

## V. NOTICE

26. Notice of this Motion shall be provided to: (a) the Office of the United States Trustee for the Northern District of Texas (Attn: Elizabeth A. Young); (b) the Indenture Trustee; (c) the Debtor's creditor matrix; and (d) those parties who have requested notice pursuant to Bankruptcy Rule 2002. The Debtor respectfully submits that such notice is sufficient and that no further notice of this Motion is required.

**WHEREFORE**, the Debtor respectfully requests that the Court enter an order: (i) scheduling a Combined Hearing on the (a) adequacy of the Disclosure Statement and (b) confirmation of the Plan, respectively, to be filed in this case; (ii) approving the form and manner

of notice of the Combined Hearing and related Confirmation Deadlines; (iii) approving the form and manner of the Solicitation Procedures, Ballots and Voting Procedures; (iv) fixing a deadline to object to the plan and disclosure statement; and (v) awarding the Debtor such other and further relief as may be just and proper.

Respectfully submitted:  May 12, 2023

                **FERGUSON BRASWELL**
                **FRASER KUBASTA PC**

                By:  */s/ Rachael L. Smiley*
                Rachael L. Smiley (State Bar. No.24066158)
                Alex Campbell (State Bar No. 24095536)
                2500 Dallas Parkway, Suite 600
                Plano, TX 75093
                Phone: 972-378-9111
                Fax:    972-378-9115
                rsmiley@fbfk.law
                acampbell@fbfk.law

                **COUNSEL FOR**
                **DEBTOR IN POSSESSION**

## CERTIFICATE OF SERVICE

      I certify that on May 12, 2023 a copy of the foregoing document was served electronically on the Electronic Case Filing System for the United States Bankruptcy Court for the Northern District of Texas upon all parties entitled to receive such notification.

                */s/ Rachael L. Smiley*
                Rachael L. Smiley