# Exhibit B

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| | § | |
| In re | § | **Chapter 11** |
| | § | |
| **LEADING LIFE SENIOR LIVING, INC.,** | § | **Case No. 22-42784-MXM** |
| | § | |
| | § | |
| **Debtor.** | § | |
| | § | |

**CLASS 1 – PRIORITY NON-TAX CLAIMS BALLOT
FOR ACCEPTING OR REJECTING THE DEBTOR'S PLAN OF
LIQUIDATION OF LEADING LIFE SENIOR LIVING, INC.
PURSUANT TO CHAPTER 11 OF THE BANKRUPTCY CODE**

Leading Life Senior Living, Inc. (the "**Debtor**") filed as an exhibit to its Disclosure Statement, defined below, its *Debtor's Plan of Reorganization of Leading Life Senior Living, Inc. Pursuant to Chapter 11 of the Bankruptcy Code* (the "**Plan**") in this chapter 11 bankruptcy case. This ballot (the "**Ballot**") is being sent to parties holding Claims[1] in Class 1 against the Debtor.

On June 28, 2023, at 1:30 p.m. prevailing Central Time, the Bankruptcy Court will hold a combined hearing on the confirmation of the Plan and the adequacy of the *Disclosure Statement for the Debtor's Plan of Reorganization of Leading Life Senior Living, Inc. Pursuant to Chapter 11 of the Bankruptcy Code* (the "**Disclosure Statement**"). The Disclosure Statement provides information to assist you in deciding how to vote your Ballot. A copy of the Disclosure Statement has been provided to you along with this Ballot. If you do not have a copy of the Disclosure Statement, you may obtain a copy from counsel for the Debtor: Ferguson Braswell Fraser Kubasta PC, Attn: Rachael L. Smiley, 2500 Dallas Parkway, Suite 600, Plano, TX 75093; email: rsmiley@fbfk.law. Please note that the Bankruptcy Court's approval of the Disclosure Statement does not constitute the Bankruptcy Court's approval or disapproval of the Plan.

**YOU SHOULD REVIEW THE DISCLOSURE STATEMENT AND PLAN BEFORE YOU VOTE. YOU SHOULD ALSO REVIEW THE ENCLOSED *ORDER (I) SCHEDULING COMBINED HEARING ON (A) ADEQUACY OF DISCLOSURE STATEMENT AND (B) CONFIRMATION OF PLAN; (II) APPROVING FORM AND MANNER OF NOTICE OF COMBINED HEARING AND RELATED DEADLINES; (III) FIXING DEADLINE TO OBJECT TO DISCLOSURE STATEMENT AND PLAN; AND (IV) GRANTING RELATED RELIEF* [DOCKET NO. ___] ("*COMBINED HEARING ORDER*") PRIOR TO COMPLETING THIS BALLOT. YOU MAY ALSO WISH TO SEEK LEGAL ADVICE CONCERNING THE PLAN AND THE CLASSIFICATION AND TREATMENT OF YOUR CLAIM UNDER THE PLAN BEFORE COMPLETING THIS BALLOT.**

---

[1] Capitalized terms used, but not defined herein, shall have the meaning ascribed to them in the Plan.

**VOTING DEADLINE**

To have your vote on the Plan count, you must complete, sign and return this Ballot to Debtor's Counsel so that it is actually received no later than the Voting Deadline.

**Voting Deadline:**         June 21, 2023 at 5:00 PM (CST)

**DELIVER BALLOTS TO:**

| |
|---|
| **By Overnight Carrier, United States Postal Service, Hand Delivery, or Email transmission:** |
| ATTN: Rachael L. Smiley<br>FERGUSON BRASWELL FRASER KUBASTA PC<br>2500 Dallas Parkway, Suite 600<br>Plano, TX 75093<br>E-mail: rsmiley@fbfk.law |

**If your Ballot is not received on or before the Voting Deadline, and such deadline is not extended, your vote will not be counted. Ballots received by facsimile or other means of electronic submission other than the approved e-mail delivery will not be counted. If the Bankruptcy Court confirms the Plan, the Plan will be binding on you whether or not you vote.**

**ITEM 1.**        AGGREGATE AMOUNT OF CLAIMS IN CLASS 1. The undersigned certifies that as of May 22, 2023, the Voting Record Date, the undersigned was the Holder of an Allowed Class 1 Claim in the aggregate amount set forth below:

AGGREGATE AMOUNT OF CLASS 1 CLAIM: $ _____

CLAIM HOLDER: _____

The Debtor reserves the right to disregard your Ballot if it is not voted in respect of an Allowed Claim (as defined in the Plan).

**ITEM 2.**        VOTE ON THE PLAN. The Holder of the Claims set forth in Item 1 above hereby votes with respect to his, her or its Claim as follows (check ONE box only):

☐    to ACCEPT the Plan        ☐    to REJECT the Plan

**ITEM 3.**        OPTIONAL RELEASE ELECTION. ARTICLES 10.8 AND 10.9 OF THE PLAN CONTAIN RELEASES AND INJUNCTIONS IN FAVOR OF PARTIES WHO ARE NOT THE DEBTOR, POST-CONFIRMATION DEBTOR OR PLAN ADMINISTRATOR. ("NON-DEBTOR RELEASES") ON BEHALF OF EACH HOLDER OF A CLAIM WHO MAY OPT TO GRANT THE NON-DEBTOR RELEASES BY CHECKING THE BOX BELOW. THE PROVISIONS CONTAINING NON-DEBTOR RELEASES ARE SET FORTH AT THE END OF THIS BALLOT. YOU SHOULD REVIEW THIS PROVISION CAREFULLY.

The Holder of the Claims set forth in Item 1 above hereby opts:

☐       to GRANT the NON-DEBTOR RELEASES

CLAIMANT CERTIFICATIONS AND SIGNATURE

**You MUST complete the following section of this Ballot in order for the Ballot to be valid and counted.**

By signing this Ballot, the undersigned certifies the following:

A.      I am the holder of a Claim within Class 1 of the Plan or am an authorized signatory for such holder having full power and authority to vote and to make or forego the election as set forth herein;

B.      I have been provided with a copy of the Plan, Disclosure Statement and Disclosure Statement Order and acknowledge that the vote set forth on this Ballot is subject to all the terms and conditions set forth in the Plan, Disclosure Statement and Disclosure Statement Order; and

C.      I have not submitted any other Ballots relating to this Class 1 Claim that are inconsistent with the votes as set forth in this Ballot or that, if such other Ballots were previously submitted, they either have been or are hereby revoked or changed to reflect the vote set forth herein.

Dated: _____

Signature: _____

Printed Name: _____

Title: _____
(If signing on behalf of the holder of the claim)

Address: _____

_____

_____

Telephone No.: _____

Email Address: _____

Tax ID No.: _____

**RETURN THIS BALLOT SO THAT IT IS
RECEIVED ON OR BEFORE
5:00 PM (CST), on
June 21 2023, by
Rachael L. Smiley
Ferguson Braswell Fraser Kubasta PC
2500 Dallas Parkway. Suite 600
Plano, TX 75093
E-mail: rsmiley@fbfk.law**

## NON-DEBTOR RELEASES

**Article 10.8: Limited Releases.**  Except as otherwise expressly provided or contemplated by the Plan or the Confirmation Order, effective as of the Confirmation Date but subject to the occurrence of the Effective Date, and in consideration of the services of and other forms of consideration being provided by the Released Parties, the Debtor, the Debtor's chapter 11 estate, the Post-Confirmation Debtor and all Holders of Claims shall release, waive and discharge unconditionally and forever each of the Released Parties from any and all Claims, obligations, suits, judgments, damages, rights, causes of action and liabilities whatsoever (including those arising under the Bankruptcy Code), whether known or unknown, foreseen or unforeseen, existing or hereinafter arising in law, equity, or otherwise, based in whole or in part on any act, omission, transaction, event or other occurrence: (i) taking place before the Petition Date in connection with or relating to the Debtor or any of its direct or indirect subsidiaries; and (ii) in connection with, related to, or arising out of this Chapter 11 Case, all sales of assets, negotiation of debtor-in-possession financing, the formulation, dissemination or pursuit of approval of the Disclosure Statement, the formulation, dissemination or pursuit of confirmation of the Plan, the consummation thereof, the administration thereof or the property to be distributed thereunder; provided that the foregoing shall not operate as a waiver of or release from any causes of action arising out of the willful misconduct or the gross negligence of any Released Party unless such Released Party acted in good faith and in a manner that such Released Party reasonably believed to be in or not opposed to the best interests of the Debtor, and with respect to any criminal action or proceeding, had no reasonable cause to believe such Released Party's conduct was unlawful; provided, however, that the foregoing shall not operate as a waiver or release of any rights or obligations arising from and after the Effective Date in respect of any agreements expressly entered into or reaffirmed hereunder as of or following the Effective Date.

**Article 10.9: Injunction.**  Except as otherwise expressly provided in the Plan, on and after the Confirmation Date, all Entities who have held, hold or may hold Claims against the Debtor are permanently enjoined from and after the Confirmation Date from: (a) commencing, conducting or continuing in any manner, directly or indirectly, any suit, action or other proceeding of any kind (including, without limitation, any proceeding in a judicial, arbitral, administrative or other forum) against or affecting the Debtor's estate, the Post-Confirmation Debtor, or any of the Released Parties, any of their property, or any direct or indirect transferee of any property of, or direct or indirect successor in interest to, any of the foregoing Entities, including without limitation the Plan Administrator, or any property of any such transferee or successor; (b) enforcing, levying, attaching (including, without limitation, any pre-judgment attachment), collecting or otherwise recovering by any manner or means whether directly or indirectly, of any judgment, award, decree or order against the Debtor's estate, the Post-Confirmation Debtor, or any of the Released Parties, any of their property, or any direct or indirect transferee of any property of, or direct or indirect successor in interest to any of the foregoing Entities, including without limitation the Plan Administrator; (c) creating, perfecting or otherwise enforcing in any manner, directly or indirectly, any encumbrance of any kind against the Debtor's estate, the Post-Confirmation Debtor, or any of the Released Parties, any of their property, or any direct or indirect

4

transferee of any property of, or direct or indirect successor in interest to any of the foregoing Entities, including without limitation the Plan Administrator; (d) asserting any right of setoff, of any kind, directly or indirectly, against any obligation due the Debtor's estate, the Post-Confirmation Debtor, or any of the Released Parties, any of their property, or any direct or indirect transferee of any property of, or successor in interest to, any of the foregoing Entities, including without limitation the Plan Administrator; and (e) taking any actions in any place and in any manner whatsoever that do not conform to or comply with the provisions of the Plan. Unless otherwise provided in the Confirmation Order, all injunctions or stays arising under or entered during the Chapter 11 Case under Sections 105 or 362 of the Bankruptcy Code, or otherwise, that are in existence on the Confirmation Date shall remain in full force and effect until the Effective Date; provided, however, that no such injunction or stay shall preclude enforcement of any interested party's rights under the Plan and the related documents.

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| In re | § | **Chapter 11** |
| | § | |
| **LEADING LIFE SENIOR LIVING, INC.,** | § | **Case No. 22-42784-MXM** |
| | § | |
| | § | |
| **Debtor.** | § | |
| | § | |

**CLASS 2 – SECURED TAX CLAIMS BALLOT
FOR ACCEPTING OR REJECTING THE DEBTOR'S PLAN OF
LIQUIDATION OF LEADING LIFE SENIOR LIVING, INC.
PURSUANT TO CHAPTER 11 OF THE BANKRUPTCY CODE**

Leading Life Senior Living, Inc. (the "**Debtor**") filed as an exhibit to its Disclosure Statement, defined below, its *Debtor's Plan of Reorganization of Leading Life Senior Living, Inc. Pursuant to Chapter 11 of the Bankruptcy Code* (the "**Plan**") in this chapter 11 bankruptcy case. This ballot (the "**Ballot**") is being sent to parties holding Claims[1] in Class 2 against the Debtor.

On June 28, 2023, at 1:30 p.m. prevailing Central Time, the Bankruptcy Court will hold a combined hearing on the confirmation of the Plan and the adequacy of the *Disclosure Statement for the Debtor's Plan of Reorganization of Leading Life Senior Living, Inc. Pursuant to Chapter 11 of the Bankruptcy Code* (the "**Disclosure Statement**"). The Disclosure Statement provides information to assist you in deciding how to vote your Ballot. A copy of the Disclosure Statement has been provided to you along with this Ballot. If you do not have a copy of the Disclosure Statement, you may obtain a copy from counsel for the Debtor: Ferguson Braswell Fraser Kubasta PC, Attn: Rachael L. Smiley, 2500 Dallas Parkway, Suite 600, Plano, TX 75093; email: rsmiley@fbfk.law. Please note that the Bankruptcy Court's approval of the Disclosure Statement does not constitute the Bankruptcy Court's approval or disapproval of the Plan.

**YOU SHOULD REVIEW THE DISCLOSURE STATEMENT AND PLAN BEFORE YOU VOTE. YOU SHOULD ALSO REVIEW THE ENCLOSED** *ORDER (I) SCHEDULING COMBINED HEARING ON (A) ADEQUACY OF DISCLOSURE STATEMENT AND (B) CONFIRMATION OF PLAN; (II) APPROVING FORM AND MANNER OF NOTICE OF COMBINED HEARING AND RELATED DEADLINES; (III) FIXING DEADLINE TO OBJECT TO DISCLOSURE STATEMENT AND PLAN; AND (IV) GRANTING RELATED RELIEF* [DOCKET NO. ___] *("COMBINED HEARING ORDER")* **PRIOR TO COMPLETING THIS BALLOT. YOU MAY ALSO WISH TO SEEK LEGAL ADVICE CONCERNING THE PLAN AND THE CLASSIFICATION AND TREATMENT OF YOUR CLAIM UNDER THE PLAN BEFORE COMPLETING THIS BALLOT.**

---

[1] Capitalized terms used, but not defined herein, shall have the meaning ascribed to them in the Plan.

## **VOTING DEADLINE**

To have your vote on the Plan count, you must complete, sign and return this Ballot to Debtor's Counsel so that it is actually received no later than the Voting Deadline.

**Voting Deadline:**                  June 21, 2023 at 5:00 PM (CST)

**DELIVER BALLOTS TO:**

| |
|---|
| **By Overnight Carrier, United States Postal Service, Hand Delivery, or Email transmission:** |
| ATTN: Rachael L. Smiley<br>FERGUSON BRASWELL FRASER KUBASTA PC<br>2500 Dallas Parkway, Suite 600<br>Plano, TX 75093<br>E-mail: rsmiley@fbfk.law |

**If your Ballot is not received on or before the Voting Deadline, and such deadline is not extended, your vote will not be counted. Ballots received by facsimile or other means of electronic submission other than the approved e-mail delivery will not be counted. If the Bankruptcy Court confirms the Plan, the Plan will be binding on you whether or not you vote.**

**ITEM 1.**          AGGREGATE AMOUNT OF CLAIMS IN CLASS 2. The undersigned certifies that as of May 22, 2023, the Voting Record Date, the undersigned was the Holder of an Allowed Class 2 Claim in the aggregate amount set forth below:

          AGGREGATE AMOUNT OF CLASS 2 CLAIM: $ _____

          CLAIM HOLDER: _____

          The Debtor reserves the right to disregard your Ballot if it is not voted in respect of an Allowed Claim (as defined in the Plan).

**ITEM 2.**          VOTE ON THE PLAN. The Holder of the Claims set forth in Item 1 above hereby votes with respect to his, her or its Claim as follows (check ONE box only):

          ☐     to ACCEPT the Plan          ☐     to REJECT the Plan

**ITEM 3.**          OPTIONAL RELEASE ELECTION.  ARTICLES 10.8 AND 10.9 OF THE PLAN CONTAIN RELEASES AND INJUNCTIONS IN FAVOR OF PARTIES WHO ARE NOT THE DEBTOR, POST-CONFIRMATION DEBTOR OR PLAN ADMINISTRATOR. ("NON-DEBTOR RELEASES") ON BEHALF OF EACH HOLDER OF A CLAIM WHO MAY OPT TO GRANT THE NON-DEBTOR RELEASES BY CHECKING THE BOX BELOW. THE PROVISIONS CONTAINING NON-DEBTOR RELEASES ARE SET FORTH AT THE END OF THIS BALLOT. YOU SHOULD REVIEW THIS PROVISION CAREFULLY.

The Holder of the Claims set forth in Item 1 above hereby opts:

☐      to GRANT the NON-DEBTOR RELEASES

CLAIMANT CERTIFICATIONS AND SIGNATURE

**You MUST complete the following section of this Ballot in order for the Ballot to be valid and counted.**

By signing this Ballot, the undersigned certifies the following:

A.      I am the holder of a Claim within Class 2 of the Plan or am an authorized signatory for such holder having full power and authority to vote and to make or forego the election as set forth herein;

B.      I have been provided with a copy of the Plan, Disclosure Statement and Disclosure Statement Order and acknowledge that the vote set forth on this Ballot is subject to all the terms and conditions set forth in the Plan, Disclosure Statement and Disclosure Statement Order; and

C.      I have not submitted any other Ballots relating to this Class 2 Claim that are inconsistent with the votes as set forth in this Ballot or that, if such other Ballots were previously submitted, they either have been or are hereby revoked or changed to reflect the vote set forth herein.

Dated:  _____

Signature:  _____

Printed Name:  _____

Title:  _____
(If signing on behalf of the holder of the claim)

Address:_____

_____

_____

Telephone No.:_____

Email Address:_____

Tax ID No.:  _____

**RETURN THIS BALLOT SO THAT IT IS
RECEIVED ON OR BEFORE
5:00 PM (CST), on
June 21, 2023, by
Rachael L. Smiley
Ferguson Braswell Fraser Kubasta PC
2500 Dallas Parkway. Suite 600
Plano, TX 75093
E-mail: rsmiley@fbfk.law**

## NON-DEBTOR RELEASES

**Article 10.8: Limited Releases.**  Except as otherwise expressly provided or contemplated by the Plan or the Confirmation Order, effective as of the Confirmation Date but subject to the occurrence of the Effective Date, and in consideration of the services of and other forms of consideration being provided by the Released Parties, the Debtor, the Debtor's chapter 11 estate, the Post-Confirmation Debtor and all Holders of Claims shall release, waive and discharge unconditionally and forever each of the Released Parties from any and all Claims, obligations, suits, judgments, damages, rights, causes of action and liabilities whatsoever (including those arising under the Bankruptcy Code), whether known or unknown, foreseen or unforeseen, existing or hereinafter arising in law, equity, or otherwise, based in whole or in part on any act, omission, transaction, event or other occurrence: (i) taking place before the Petition Date in connection with or relating to the Debtor or any of its direct or indirect subsidiaries; and (ii) in connection with, related to, or arising out of this Chapter 11 Case, all sales of assets, negotiation of debtor-in-possession financing, the formulation, dissemination or pursuit of approval of the Disclosure Statement, the formulation, dissemination or pursuit of confirmation of the Plan, the consummation thereof, the administration thereof or the property to be distributed thereunder; provided that the foregoing shall not operate as a waiver of or release from any causes of action arising out of the willful misconduct or the gross negligence of any Released Party unless such Released Party acted in good faith and in a manner that such Released Party reasonably believed to be in or not opposed to the best interests of the Debtor, and with respect to any criminal action or proceeding, had no reasonable cause to believe such Released Party's conduct was unlawful; provided, however, that the foregoing shall not operate as a waiver or release of any rights or obligations arising from and after the Effective Date in respect of any agreements expressly entered into or reaffirmed hereunder as of or following the Effective Date.

**Article 10.9: Injunction.**  Except as otherwise expressly provided in the Plan, on and after the Confirmation Date, all Entities who have held, hold or may hold Claims against the Debtor are permanently enjoined from and after the Confirmation Date from: (a) commencing, conducting or continuing in any manner, directly or indirectly, any suit, action or other proceeding of any kind (including, without limitation, any proceeding in a judicial, arbitral, administrative or other forum) against or affecting the Debtor's estate, the Post-Confirmation Debtor, or any of the Released Parties, any of their property, or any direct or indirect transferee of any property of, or direct or indirect successor in interest to, any of the foregoing Entities, including without limitation the Plan Administrator, or any property of any such transferee or successor; (b) enforcing, levying, attaching (including, without limitation, any pre-judgment attachment), collecting or otherwise recovering by any manner or means whether directly or indirectly, of any judgment, award, decree or order against the Debtor's estate, the Post-Confirmation Debtor, or any of the Released Parties, any of their property, or any direct or indirect transferee of any property of, or direct or indirect successor in interest to any of the foregoing Entities, including without limitation the Plan Administrator; (c) creating, perfecting or otherwise enforcing in any manner, directly or indirectly, any encumbrance of any kind against the Debtor's estate, the Post-Confirmation Debtor, or any of the Released Parties, any of their property, or any direct or indirect

transferee of any property of, or direct or indirect successor in interest to any of the foregoing Entities, including without limitation the Plan Administrator; (d) asserting any right of setoff, of any kind, directly or indirectly, against any obligation due the Debtor's estate, the Post-Confirmation Debtor, or any of the Released Parties, any of their property, or any direct or indirect transferee of any property of, or successor in interest to, any of the foregoing Entities, including without limitation the Plan Administrator; and (e) taking any actions in any place and in any manner whatsoever that do not conform to or comply with the provisions of the Plan. Unless otherwise provided in the Confirmation Order, all injunctions or stays arising under or entered during the Chapter 11 Case under Sections 105 or 362 of the Bankruptcy Code, or otherwise, that are in existence on the Confirmation Date shall remain in full force and effect until the Effective Date; provided, however, that no such injunction or stay shall preclude enforcement of any interested party's rights under the Plan and the related documents.

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| | § | |
| **In re** | § | **Chapter 11** |
| | § | |
| **LEADING LIFE SENIOR LIVING, INC.,** | § | **Case No. 22-42784-MXM** |
| | § | |
| | § | |
| **Debtor.** | § | |
| | § | |

**CLASS 3 – SECURED BOND CLAIMS BALLOT
FOR ACCEPTING OR REJECTING THE DEBTOR'S PLAN OF
LIQUIDATION OF LEADING LIFE SENIOR LIVING, INC.
PURSUANT TO CHAPTER 11 OF THE BANKRUPTCY CODE**

Leading Life Senior Living, Inc. (the "**Debtor**") filed as an exhibit to its Disclosure Statement, defined below, its *Debtor's Plan of Reorganization of Leading Life Senior Living, Inc. Pursuant to Chapter 11 of the Bankruptcy Code* (the "**Plan**") in this chapter 11 bankruptcy case. This ballot (the "**Ballot**") is being sent to parties holding Claims[1] in Class 3 against the Debtor.

On June 28, 2023, at 1:30 p.m. prevailing Central Time, the Bankruptcy Court will hold a combined hearing on the confirmation of the Plan and the adequacy of the *Disclosure Statement for the Debtor's Plan of Reorganization of Leading Life Senior Living, Inc. Pursuant to Chapter 11 of the Bankruptcy Code* (the "**Disclosure Statement**"). The Disclosure Statement provides information to assist you in deciding how to vote your Ballot. A copy of the Disclosure Statement has been provided to you along with this Ballot. If you do not have a copy of the Disclosure Statement, you may obtain a copy from counsel for the Debtor: Ferguson Braswell Fraser Kubasta PC, Attn: Rachael L. Smiley, 2500 Dallas Parkway, Suite 600, Plano, TX 75093; email: rsmiley@fbfk.law. Please note that the Bankruptcy Court's approval of the Disclosure Statement does not constitute the Bankruptcy Court's approval or disapproval of the Plan.

**YOU SHOULD REVIEW THE DISCLOSURE STATEMENT AND PLAN BEFORE YOU VOTE. YOU SHOULD ALSO REVIEW THE ENCLOSED *ORDER (I) SCHEDULING COMBINED HEARING ON (A) ADEQUACY OF DISCLOSURE STATEMENT AND (B) CONFIRMATION OF PLAN; (II) APPROVING FORM AND MANNER OF NOTICE OF COMBINED HEARING AND RELATED DEADLINES; (III) FIXING DEADLINE TO OBJECT TO DISCLOSURE STATEMENT AND PLAN; AND (IV) GRANTING RELATED RELIEF* [DOCKET NO. ___] ("*COMBINED HEARING ORDER*") PRIOR TO COMPLETING THIS BALLOT. YOU MAY ALSO WISH TO SEEK LEGAL ADVICE CONCERNING THE PLAN AND THE CLASSIFICATION AND TREATMENT OF YOUR CLAIM UNDER THE PLAN BEFORE COMPLETING THIS BALLOT.**

---

[1] Capitalized terms used, but not defined herein, shall have the meaning ascribed to them in the Plan.

## **VOTING DEADLINE**

To have your vote on the Plan count, you must complete, sign and return this Ballot to Debtor's Counsel so that it is actually received no later than the Voting Deadline.

**Voting Deadline:**                    June 21, 2023 at 5:00 PM (CST)

**DELIVER BALLOTS TO:**

| **By Overnight Carrier, United States Postal Service, Hand Delivery, or Email transmission:** |
| --- |
| ATTN: Rachael L. Smiley<br>FERGUSON BRASWELL FRASER KUBASTA PC<br>2500 Dallas Parkway, Suite 600<br>Plano, TX 75093<br>E-mail: rsmiley@fbfk.law |

**If your Ballot is not underlined received on or before the Voting Deadline, and such deadline is not extended, your vote will not be counted. Ballots received by facsimile or other means of electronic submission other than the approved e-mail delivery will not be counted. If the Bankruptcy Court confirms the Plan, the Plan will be binding on you whether or not you vote.**

**ITEM 1.**        AGGREGATE AMOUNT OF CLAIMS IN CLASS 3. The undersigned certifies that as of May 22, 2023, the Voting Record Date, the undersigned was the Holder of an Allowed Class 3 Claim in the aggregate amount set forth below:

AGGREGATE AMOUNT OF CLASS 3 CLAIM: $ _____

CLAIM HOLDER: _____

The Debtor reserves the right to disregard your Ballot if it is not voted in respect of an Allowed Claim (as defined in the Plan).

**ITEM 2.**        VOTE ON THE PLAN. The Holder of the Claims set forth in Item 1 above hereby votes with respect to his, her or its Claim as follows (check ONE box only):

☐        to ACCEPT the Plan        ☐        to REJECT the Plan

**Your vote in Item 2 above will be applied as a vote in Class 3 Secured Bond Claims and as a vote in Class 5 General Unsecured Claims for your unsecured deficiency Claim.**

**ITEM 3.**        OPTIONAL RELEASE ELECTION.  ARTICLES 10.8 AND 10.9 OF THE PLAN CONTAINS RELEASES AND INJUNCTIONS IN FAVOR OF PARTIES WHO ARE NOT THE DEBTOR, POST-CONFIRMATION DEBTOR OR PLAN ADMINISTRATOR.  ("NON-DEBTOR RELEASES") ON BEHALF OF EACH

HOLDER OF A CLAIM WHO MAY OPT TO GRANT THE NON-DEBTOR RELEASES BY CHECKING THE BOX BELOW.  THE PROVISIONS CONTAINING NON-DEBTOR RELEASES ARE SET FORTH AT THE END OF THIS BALLOT. YOU SHOULD REVIEW THIS PROVISION CAREFULLY.

The Holder of the Claims set forth in Item 1 above hereby opts:

☐    to GRANT the NON-DEBTOR RELEASES

CLAIMANT CERTIFICATIONS AND SIGNATURE

**You MUST complete the following section of this Ballot in order for the Ballot to be valid and counted.**

By signing this Ballot, the undersigned certifies the following:

A.    I am the holder of a Claim within Class 3 of the Plan or am an authorized signatory for such holder having full power and authority to vote and to make or forego the election as set forth herein;

B.    I have been provided with a copy of the Plan, Disclosure Statement and Disclosure Statement Order and acknowledge that the vote set forth on this Ballot is subject to all the terms and conditions set forth in the Plan, Disclosure Statement and Disclosure Statement Order; and

C.    I have not submitted any other Ballots relating to this Class 3 Claim that are inconsistent with the votes as set forth in this Ballot or that, if such other Ballots were previously submitted, they either have been or are hereby revoked or changed to reflect the vote set forth herein.

Dated: _____

Signature: _____

Printed Name: _____

Title: _____
(If signing on behalf of the holder of the claim)

Address:_____

_____

_____

Telephone No.:_____

Email Address: _____

Tax ID No.: _____

**RETURN THIS BALLOT SO THAT IT IS
RECEIVED ON OR BEFORE
5:00 PM (CST), on
June 21, 2023, by
Rachael L. Smiley
Ferguson Braswell Fraser Kubasta PC
2500 Dallas Parkway. Suite 600
Plano, TX 75093
E-mail: rsmiley@fbfk.law**

## NON-DEBTOR RELEASES

**Article 10.8: Limited Releases.  Except as otherwise expressly provided or contemplated by the Plan or the Confirmation Order, effective as of the Confirmation Date but subject to the occurrence of the Effective Date, and in consideration of the services of and other forms of consideration being provided by the Released Parties, the Debtor, the Debtor's chapter 11 estate, the Post-Confirmation Debtor and all Holders of Claims shall release, waive and discharge unconditionally and forever each of the Released Parties from any and all Claims, obligations, suits, judgments, damages, rights, causes of action and liabilities whatsoever (including those arising under the Bankruptcy Code), whether known or unknown, foreseen or unforeseen, existing or hereinafter arising in law, equity, or otherwise, based in whole or in part on any act, omission, transaction, event or other occurrence: (i) taking place before the Petition Date in connection with or relating to the Debtor or any of its direct or indirect subsidiaries; and (ii) in connection with, related to, or arising out of this Chapter 11 Case, all sales of assets, negotiation of debtor-in-possession financing, the formulation, dissemination or pursuit of approval of the Disclosure Statement, the formulation, dissemination or pursuit of confirmation of the Plan, the consummation thereof, the administration thereof or the property to be distributed thereunder; provided that the foregoing shall not operate as a waiver of or release from any causes of action arising out of the willful misconduct or the gross negligence of any Released Party unless such Released Party acted in good faith and in a manner that such Released Party reasonably believed to be in or not opposed to the best interests of the Debtor, and with respect to any criminal action or proceeding, had no reasonable cause to believe such Released Party's conduct was unlawful; provided, however, that the foregoing shall not operate as a waiver or release of any rights or obligations arising from and after the Effective Date in respect of any agreements expressly entered into or reaffirmed hereunder as of or following the Effective Date.**

**Article 10.9: Injunction.  Except as otherwise expressly provided in the Plan, on and after the Confirmation Date, all Entities who have held, hold or may hold Claims against the Debtor are permanently enjoined from and after the Confirmation Date from: (a) commencing, conducting or continuing in any manner, directly or indirectly, any suit, action or other proceeding of any kind (including, without limitation, any proceeding in a judicial, arbitral, administrative or other forum) against or affecting the Debtor's estate, the Post-Confirmation Debtor, or any of the Released Parties, any of their property, or any direct or indirect transferee of any property of, or direct or indirect successor in interest to, any of the foregoing Entities, including without limitation the Plan Administrator, or any property of any such transferee or successor; (b) enforcing, levying, attaching (including, without limitation, any pre-judgment attachment), collecting or otherwise recovering by any manner or means whether directly or indirectly, of any judgment, award, decree or order against the Debtor's estate, the Post-Confirmation Debtor, or any of the Released Parties, any of their property, or any direct or indirect transferee of any property of, or direct or indirect successor in interest to any of the foregoing Entities, including without limitation the Plan Administrator; (c) creating, perfecting or otherwise enforcing in any manner, directly or indirectly, any encumbrance of any kind against the Debtor's estate, the Post-Confirmation Debtor, or any of the Released Parties, any of their property, or any direct or indirect**

4

transferee of any property of, or direct or indirect successor in interest to any of the foregoing Entities, including without limitation the Plan Administrator; (d) asserting any right of setoff, of any kind, directly or indirectly, against any obligation due the Debtor's estate, the Post-Confirmation Debtor, or any of the Released Parties, any of their property, or any direct or indirect transferee of any property of, or successor in interest to, any of the foregoing Entities, including without limitation the Plan Administrator; and (e) taking any actions in any place and in any manner whatsoever that do not conform to or comply with the provisions of the Plan. Unless otherwise provided in the Confirmation Order, all injunctions or stays arising under or entered during the Chapter 11 Case under Sections 105 or 362 of the Bankruptcy Code, or otherwise, that are in existence on the Confirmation Date shall remain in full force and effect until the Effective Date; provided, however, that no such injunction or stay shall preclude enforcement of any interested party's rights under the Plan and the related documents.

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| | § | |
| In re | § | **Chapter 11** |
| | § | |
| **LEADING LIFE SENIOR LIVING, INC.,** | § | **Case No. 22-42784-MXM** |
| | § | |
| | § | |
| **Debtor.** | § | |
| | § | |

**CLASS 4 – OTHER SECURED CLAIMS BALLOT**
**FOR ACCEPTING OR REJECTING THE DEBTOR'S PLAN OF**
**LIQUIDATION OF LEADING LIFE SENIOR LIVING, INC.**
**PURSUANT TO CHAPTER 11 OF THE BANKRUPTCY CODE**

Leading Life Senior Living, Inc. (the "**Debtor**") filed as an exhibit to its Disclosure Statement, defined below, its *Debtor's Plan of Reorganization of Leading Life Senior Living, Inc. Pursuant to Chapter 11 of the Bankruptcy Code* (the "**Plan**") in this chapter 11 bankruptcy case. This ballot (the "**Ballot**") is being sent to parties holding Claims[1] in Class 4 against the Debtor.

On June 28, 2023, at 1:30 p.m. prevailing Central Time, the Bankruptcy Court will hold a combined hearing on the confirmation of the Plan and the adequacy of the *Disclosure Statement for the Debtor's Plan of Reorganization of Leading Life Senior Living, Inc. Pursuant to Chapter 11 of the Bankruptcy Code* (the "**Disclosure Statement**"). The Disclosure Statement provides information to assist you in deciding how to vote your Ballot. A copy of the Disclosure Statement has been provided to you along with this Ballot. If you do not have a copy of the Disclosure Statement, you may obtain a copy from counsel for the Debtor: Ferguson Braswell Fraser Kubasta PC, Attn: Rachael L. Smiley, 2500 Dallas Parkway, Suite 600, Plano, TX 75093; email: rsmiley@fbfk.law. Please note that the Bankruptcy Court's approval of the Disclosure Statement does not constitute the Bankruptcy Court's approval or disapproval of the Plan.

**YOU SHOULD REVIEW THE DISCLOSURE STATEMENT AND PLAN BEFORE YOU VOTE. YOU SHOULD ALSO REVIEW THE ENCLOSED *ORDER (I) SCHEDULING COMBINED HEARING ON (A) ADEQUACY OF DISCLOSURE STATEMENT AND (B) CONFIRMATION OF PLAN; (II) APPROVING FORM AND MANNER OF NOTICE OF COMBINED HEARING AND RELATED DEADLINES; (III) FIXING DEADLINE TO OBJECT TO DISCLOSURE STATEMENT AND PLAN; AND (IV) GRANTING RELATED RELIEF* [DOCKET NO. ___] ("*COMBINED HEARING ORDER*") PRIOR TO COMPLETING THIS BALLOT. YOU MAY ALSO WISH TO SEEK LEGAL ADVICE CONCERNING THE PLAN AND THE CLASSIFICATION AND TREATMENT OF YOUR CLAIM UNDER THE PLAN BEFORE COMPLETING THIS BALLOT.**

---

[1] Capitalized terms used, but not defined herein, shall have the meaning ascribed to them in the Plan.

## **VOTING DEADLINE**

To have your vote on the Plan count, you must complete, sign and return this Ballot to Debtor's Counsel so that it is actually received no later than the Voting Deadline.

> **Voting Deadline:**        June 21, 2023 at 5:00 PM (CST)

**DELIVER BALLOTS TO:**

| |
|---|
| **By Overnight Carrier, United States Postal Service, Hand Delivery, or Email transmission:** |
| ATTN: Rachael L. Smiley<br>FERGUSON BRASWELL FRASER KUBASTA PC<br>2500 Dallas Parkway, Suite 600<br>Plano, TX 75093<br>E-mail: rsmiley@fbfk.law |

**If your Ballot is not received on or before the Voting Deadline, and such deadline is not extended, your vote will not be counted. Ballots received by facsimile or other means of electronic submission other than the approved e-mail delivery will not be counted. If the Bankruptcy Court confirms the Plan, the Plan will be binding on you whether or not you vote.**

**ITEM 1.**        AGGREGATE AMOUNT OF CLAIMS IN CLASS 4. The undersigned certifies that as of May 22, 2023, the Voting Record Date, the undersigned was the Holder of an Allowed Class 4 Claim in the aggregate amount set forth below:

AGGREGATE AMOUNT OF CLASS 4 CLAIM: $ _____

CLAIM HOLDER: _____

The Debtor reserves the right to disregard your Ballot if it is not voted in respect of an Allowed Claim (as defined in the Plan).

**ITEM 2.**        VOTE ON THE PLAN. The Holder of the Claims set forth in Item 1 above hereby votes with respect to his, her or its Claim as follows (check ONE box only):

☐        to ACCEPT the Plan        ☐        to REJECT the Plan

**ITEM 3.**        OPTIONAL RELEASE ELECTION.  ARTICLES 10.8 AND 10.9 OF THE PLAN CONTAINS RELEASES AND INJUNCTIONS IN FAVOR OF PARTIES WHO ARE NOT THE DEBTOR, POST-CONFIRMATION DEBTOR OR PLAN ADMINISTRATOR.  ("NON-DEBTOR RELEASES") ON BEHALF OF EACH HOLDER OF A CLAIM WHO MAY OPT TO GRANT THE NON-DEBTOR RELEASES BY CHECKING THE BOX BELOW. THE PROVISIONS CONTAINING NON-DEBTOR RELEASES ARE SET FORTH AT THE END OF THIS BALLOT. YOU SHOULD REVIEW THIS PROVISION CAREFULLY.

The Holder of the Claims set forth in Item 1 above hereby opts:

□  to GRANT the NON-DEBTOR RELEASES

CLAIMANT CERTIFICATIONS AND SIGNATURE

**You MUST complete the following section of this Ballot in order for the Ballot to be valid and counted.**

By signing this Ballot, the undersigned certifies the following:

A. I am the holder of a Claim within Class 4 of the Plan or am an authorized signatory for such holder having full power and authority to vote and to make or forego the election as set forth herein;

B. I have been provided with a copy of the Plan, Disclosure Statement and Disclosure Statement Order and acknowledge that the vote set forth on this Ballot is subject to all the terms and conditions set forth in the Plan, Disclosure Statement and Disclosure Statement Order; and

C. I have not submitted any other Ballots relating to this Class 4 Claim that are inconsistent with the votes as set forth in this Ballot or that, if such other Ballots were previously submitted, they either have been or are hereby revoked or changed to reflect the vote set forth herein.

Dated: _____

Signature: _____

Printed Name: _____

Title: _____
(If signing on behalf of the holder of the claim)

Address: _____

_____

_____

Telephone No.: _____

Email Address: _____

Tax ID No.: _____

**RETURN THIS BALLOT SO THAT IT IS**
**RECEIVED ON OR BEFORE**
**5:00 PM (CST), on**
**June 21, 2023, by**
**Rachael L. Smiley**
**Ferguson Braswell Fraser Kubasta PC**
**2500 Dallas Parkway. Suite 600**
**Plano, TX 75093**
**E-mail: rsmiley@fbfk.law**

3

### NON-DEBTOR RELEASES

**Article 10.8: Limited Releases.  Except as otherwise expressly provided or contemplated by
the Plan or the Confirmation Order, effective as of the Confirmation Date but subject to the
occurrence of the Effective Date, and in consideration of the services of and other forms of
consideration being provided by the Released Parties, the Debtor, the Debtor's chapter 11
estate, the Post-Confirmation Debtor and all Holders of Claims shall release, waive and
discharge unconditionally and forever each of the Released Parties from any and all Claims,
obligations, suits, judgments, damages, rights, causes of action and liabilities whatsoever
(including those arising under the Bankruptcy Code), whether known or unknown, foreseen
or unforeseen, existing or hereinafter arising in law, equity, or otherwise, based in whole or
in part on any act, omission, transaction, event or other occurrence: (i) taking place before
the Petition Date in connection with or relating to the Debtor or any of its direct or indirect
subsidiaries; and (ii) in connection with, related to, or arising out of this Chapter 11 Case,
all sales of assets, negotiation of debtor-in-possession financing, the formulation,
dissemination or pursuit of approval of the Disclosure Statement, the formulation,
dissemination or pursuit of confirmation of the Plan, the consummation thereof, the
administration thereof or the property to be distributed thereunder; provided that the
foregoing shall not operate as a waiver of or release from any causes of action arising out of
the willful misconduct or the gross negligence of any Released Party unless such Released
Party acted in good faith and in a manner that such Released Party reasonably believed to
be in or not opposed to the best interests of the Debtor, and with respect to any criminal
action or proceeding, had no reasonable cause to believe such Released Party's conduct was
unlawful; provided, however, that the foregoing shall not operate as a waiver or release of
any rights or obligations arising from and after the Effective Date in respect of any
agreements expressly entered into or reaffirmed hereunder as of or following the Effective
Date.**

**Article 10.9: Injunction.  Except as otherwise expressly provided in the Plan, on and after
the Confirmation Date, all Entities who have held, hold or may hold Claims against the
Debtor are permanently enjoined from and after the Confirmation Date from: (a)
commencing, conducting or continuing in any manner, directly or indirectly, any suit, action
or other proceeding of any kind (including, without limitation, any proceeding in a judicial,
arbitral, administrative or other forum) against or affecting the Debtor's estate, the Post-
Confirmation Debtor, or any of the Released Parties, any of their property, or any direct or
indirect transferee of any property of, or direct or indirect successor in interest to, any of the
foregoing Entities, including without limitation the Plan Administrator, or any property of
any such transferee or successor; (b) enforcing, levying, attaching (including, without
limitation, any pre-judgment attachment), collecting or otherwise recovering by any manner
or means whether directly or indirectly, of any judgment, award, decree or order against the
Debtor's estate, the Post-Confirmation Debtor, or any of the Released Parties, any of their
property, or any direct or indirect transferee of any property of, or direct or indirect
successor in interest to any of the foregoing Entities, including without limitation the Plan
Administrator; (c) creating, perfecting or otherwise enforcing in any manner, directly or
indirectly, any encumbrance of any kind against the Debtor's estate, the Post-Confirmation
Debtor, or any of the Released Parties, any of their property, or any direct or indirect**

transferee of any property of, or direct or indirect successor in interest to any of the foregoing Entities, including without limitation the Plan Administrator; (d) asserting any right of setoff, of any kind, directly or indirectly, against any obligation due the Debtor's estate, the Post-Confirmation Debtor, or any of the Released Parties, any of their property, or any direct or indirect transferee of any property of, or successor in interest to, any of the foregoing Entities, including without limitation the Plan Administrator; and (e) taking any actions in any place and in any manner whatsoever that do not conform to or comply with the provisions of the Plan. Unless otherwise provided in the Confirmation Order, all injunctions or stays arising under or entered during the Chapter 11 Case under Sections 105 or 362 of the Bankruptcy Code, or otherwise, that are in existence on the Confirmation Date shall remain in full force and effect until the Effective Date; provided, however, that no such injunction or stay shall preclude enforcement of any interested party's rights under the Plan and the related documents.

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| | § | |
| In re | § | **Chapter 11** |
| | § | |
| **LEADING LIFE SENIOR LIVING, INC.,** | § | **Case No. 22-42784-MXM** |
| | § | |
| | § | |
| **Debtor.** | § | |
| | § | |

**CLASS 5 – GENERAL UNSECURED CLAIMS BALLOT
FOR ACCEPTING OR REJECTING THE DEBTOR'S PLAN OF
LIQUIDATION OF LEADING LIFE SENIOR LIVING, INC.
PURSUANT TO CHAPTER 11 OF THE BANKRUPTCY CODE**

Leading Life Senior Living, Inc. (the "**Debtor**") filed as an exhibit to its Disclosure Statement, defined below, its *Debtor's Plan of Reorganization of Leading Life Senior Living, Inc. Pursuant to Chapter 11 of the Bankruptcy Code* (the "**Plan**") in this chapter 11 bankruptcy case. This ballot (the "**Ballot**") is being sent to parties holding Claims[1] in Class 5 against the Debtor.

On June 28, 2023, at 1:30. p.m. prevailing Central Time, the Bankruptcy Court will hold a combined hearing on the confirmation of the Plan and the adequacy of the *Disclosure Statement for the Debtor's Plan of Reorganization of Leading Life Senior Living, Inc. Pursuant to Chapter 11 of the Bankruptcy Code* (the "**Disclosure Statement**").  The Disclosure Statement provides information to assist you in deciding how to vote your Ballot. A copy of the Disclosure Statement has been provided to you along with this Ballot. If you do not have a copy of the Disclosure Statement, you may obtain a copy from counsel for the Debtor: Ferguson Braswell Fraser Kubasta PC, Attn: Rachael L. Smiley, 2500 Dallas Parkway, Suite 600, Plano, TX 75093; email: rsmiley@fbfk.law.  Please note that the Bankruptcy Court's approval of the Disclosure Statement does not constitute the Bankruptcy Court's approval or disapproval of the Plan.

**YOU SHOULD REVIEW THE DISCLOSURE STATEMENT AND PLAN BEFORE YOU VOTE. YOU SHOULD ALSO REVIEW THE ENCLOSED *ORDER (I) SCHEDULING COMBINED HEARING ON (A) ADEQUACY OF DISCLOSURE STATEMENT AND (B) CONFIRMATION OF PLAN; (II) APPROVING FORM AND MANNER OF NOTICE OF COMBINED HEARING AND RELATED DEADLINES; (III) FIXING DEADLINE TO OBJECT TO DISCLOSURE STATEMENT AND PLAN; AND (IV) GRANTING RELATED RELIEF* [DOCKET NO. ___] ("*COMBINED HEARING ORDER*") PRIOR TO COMPLETING THIS BALLOT. YOU MAY ALSO WISH TO SEEK LEGAL ADVICE CONCERNING THE PLAN AND THE CLASSIFICATION AND TREATMENT OF YOUR CLAIM UNDER THE PLAN BEFORE COMPLETING THIS BALLOT.**

---

[1] Capitalized terms used, but not defined herein, shall have the meaning ascribed to them in the Plan.

## **VOTING DEADLINE**

To have your vote on the Plan count, you must complete, sign and return this Ballot to Debtor's Counsel so that it is actually received no later than the Voting Deadline.

**Voting Deadline:**                    June 21, 2023 at 5:00 PM (CST)

**DELIVER BALLOTS TO:**

| |
|---|
| **By Overnight Carrier, United States Postal Service, Hand Delivery, or Email transmission:** |
| ATTN: Rachael L. Smiley<br>FERGUSON BRASWELL FRASER KUBASTA PC<br>2500 Dallas Parkway, Suite 600<br>Plano, TX 75093<br>E-mail: rsmiley@fbfk.law |

**If your Ballot is not received on or before the Voting Deadline, and such deadline is not extended, your vote will not be counted. Ballots received by facsimile or other means of electronic submission other than the approved e-mail delivery will not be counted. If the Bankruptcy Court confirms the Plan, the Plan will be binding on you whether or not you vote.**

**ITEM 1.**        AGGREGATE AMOUNT OF CLAIMS IN CLASS 5. The undersigned certifies that as of May 22, 2023, the Voting Record Date, the undersigned was the Holder of an Allowed Class 5 Claim in the aggregate amount set forth below:

AGGREGATE AMOUNT OF CLASS 5 CLAIM: $ _____

CLAIM HOLDER: _____

The Debtor reserves the right to disregard your Ballot if it is not voted in respect of an Allowed Claim (as defined in the Plan).

**ITEM 2.**        VOTE ON THE PLAN. The Holder of the Claims set forth in Item 1 above hereby votes with respect to his, her or its Claim as follows (check ONE box only):

☐        to ACCEPT the Plan        ☐        to REJECT the Plan

**ITEM 3.**        OPTIONAL RELEASE ELECTION.  ARTICLES 10.8 AND 10.9 OF THE PLAN CONTAINS RELEASES AND INJUNCTIONS IN FAVOR OF PARTIES WHO ARE NOT THE DEBTOR, POST-CONFIRMATION DEBTOR OR PLAN ADMINISTRATOR.  ("NON-DEBTOR RELEASES") ON BEHALF OF EACH HOLDER OF A CLAIM WHO MAY OPT TO GRANT THE NON-DEBTOR RELEASES BY CHECKING THE BOX BELOW. THE PROVISIONS CONTAINING NON-DEBTOR RELEASES ARE SET FORTH AT THE END OF THIS BALLOT. YOU SHOULD REVIEW THIS PROVISION CAREFULLY.

The Holder of the Claims set forth in Item 1 above hereby opts:

☐    to GRANT the NON-DEBTOR RELEASES

CLAIMANT CERTIFICATIONS AND SIGNATURE

**You MUST complete the following section of this Ballot in order for the Ballot to be valid and counted.**

By signing this Ballot, the undersigned certifies the following:

A.    I am the holder of a Claim within Class 5 of the Plan or am an authorized signatory for such holder having full power and authority to vote and to make or forego the election as set forth herein;

B.    I have been provided with a copy of the Plan, Disclosure Statement and Disclosure Statement Order and acknowledge that the vote set forth on this Ballot is subject to all the terms and conditions set forth in the Plan, Disclosure Statement and Disclosure Statement Order; and

C.    I have not submitted any other Ballots relating to this Class 5 Claim that are inconsistent with the votes as set forth in this Ballot or that, if such other Ballots were previously submitted, they either have been or are hereby revoked or changed to reflect the vote set forth herein.

Dated: _____

Signature: _____

Printed Name: _____

Title: _____
(If signing on behalf of the holder of the claim)

Address:_____

_____

_____

Telephone No.:_____

Email Address:_____

Tax ID No.: _____

**RETURN THIS BALLOT SO THAT IT IS
RECEIVED ON OR BEFORE
5:00 PM (CST), on
June 21, 2023, by
Rachael L. Smiley
Ferguson Braswell Fraser Kubasta PC
2500 Dallas Parkway. Suite 600
Plano, TX 75093
E-mail: rsmiley@fbfk.law**

3

## NON-DEBTOR RELEASES

**Article 10.8: Limited Releases.  Except as otherwise expressly provided or contemplated by the Plan or the Confirmation Order, effective as of the Confirmation Date but subject to the occurrence of the Effective Date, and in consideration of the services of and other forms of consideration being provided by the Released Parties, the Debtor, the Debtor's chapter 11 estate, the Post-Confirmation Debtor and all Holders of Claims shall release, waive and discharge unconditionally and forever each of the Released Parties from any and all Claims, obligations, suits, judgments, damages, rights, causes of action and liabilities whatsoever (including those arising under the Bankruptcy Code), whether known or unknown, foreseen or unforeseen, existing or hereinafter arising in law, equity, or otherwise, based in whole or in part on any act, omission, transaction, event or other occurrence: (i) taking place before the Petition Date in connection with or relating to the Debtor or any of its direct or indirect subsidiaries; and (ii) in connection with, related to, or arising out of this Chapter 11 Case, all sales of assets, negotiation of debtor-in-possession financing, the formulation, dissemination or pursuit of approval of the Disclosure Statement, the formulation, dissemination or pursuit of confirmation of the Plan, the consummation thereof, the administration thereof or the property to be distributed thereunder; provided that the foregoing shall not operate as a waiver of or release from any causes of action arising out of the willful misconduct or the gross negligence of any Released Party unless such Released Party acted in good faith and in a manner that such Released Party reasonably believed to be in or not opposed to the best interests of the Debtor, and with respect to any criminal action or proceeding, had no reasonable cause to believe such Released Party's conduct was unlawful; provided, however, that the foregoing shall not operate as a waiver or release of any rights or obligations arising from and after the Effective Date in respect of any agreements expressly entered into or reaffirmed hereunder as of or following the Effective Date.**

**Article 10.9: Injunction.  Except as otherwise expressly provided in the Plan, on and after the Confirmation Date, all Entities who have held, hold or may hold Claims against the Debtor are permanently enjoined from and after the Confirmation Date from: (a) commencing, conducting or continuing in any manner, directly or indirectly, any suit, action or other proceeding of any kind (including, without limitation, any proceeding in a judicial, arbitral, administrative or other forum) against or affecting the Debtor's estate, the Post-Confirmation Debtor, or any of the Released Parties, any of their property, or any direct or indirect transferee of any property of, or direct or indirect successor in interest to, any of the foregoing Entities, including without limitation the Plan Administrator, or any property of any such transferee or successor; (b) enforcing, levying, attaching (including, without limitation, any pre-judgment attachment), collecting or otherwise recovering by any manner or means whether directly or indirectly, of any judgment, award, decree or order against the Debtor's estate, the Post-Confirmation Debtor, or any of the Released Parties, any of their property, or any direct or indirect transferee of any property of, or direct or indirect successor in interest to any of the foregoing Entities, including without limitation the Plan Administrator; (c) creating, perfecting or otherwise enforcing in any manner, directly or indirectly, any encumbrance of any kind against the Debtor's estate, the Post-Confirmation Debtor, or any of the Released Parties, any of their property, or any direct or indirect**

4

transferee of any property of, or direct or indirect successor in interest to any of the foregoing Entities, including without limitation the Plan Administrator; (d) asserting any right of setoff, of any kind, directly or indirectly, against any obligation due the Debtor's estate, the Post-Confirmation Debtor, or any of the Released Parties, any of their property, or any direct or indirect transferee of any property of, or successor in interest to, any of the foregoing Entities, including without limitation the Plan Administrator; and (e) taking any actions in any place and in any manner whatsoever that do not conform to or comply with the provisions of the Plan. Unless otherwise provided in the Confirmation Order, all injunctions or stays arising under or entered during the Chapter 11 Case under Sections 105 or 362 of the Bankruptcy Code, or otherwise, that are in existence on the Confirmation Date shall remain in full force and effect until the Effective Date; provided, however, that no such injunction or stay shall preclude enforcement of any interested party's rights under the Plan and the related documents.