Rachael L. Smiley (State Bar. No. 24066158)
**FERGUSON BRASWELL FRASER KUBASTA PC**
2500 Dallas Parkway, Suite 600
Plano, TX 75093
Phone: 972-378-9111
Fax:    972-378-9115
rsmiley@fbfk.law

**COUNSEL FOR POST-CONFIRMATION DEBTOR**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| In re | § § § | Chapter 11 |
| **LEADING LIFE SENIOR LIVING, INC.**, | § § § § | Case No. 22-42784-MXM |
| Debtor. | § § § | |

**APPLICATION FOR ENTRY OF A FINAL DECREE CLOSING
THE CHAPTER 11 CASE OF LEADING LIFE SENIOR LIVING, INC.**

**NO HEARING WILL BE CONDUCTED HEREON UNLESS A WRITTEN RESPONSE IS FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AT THE ELDON B. MAHON UNITED STATES COURTHOUSE, 501 WEST 10TH STREET, FORT WORTH, TEXAS 76102 BEFORE CLOSE OF BUSINESS ON JULY 16, 2024, WHICH IS AT LEAST 21 DAYS FROM THE DATE OF SERVICE HEREOF. ANY RESPONSE SHALL BE IN WRITING AND FILED WITH THE CLERK, AND A COPY SHALL BE SERVED UPON COUNSEL FOR THE MOVING PARTY PRIOR TO THE DATE AND TIME SET FORTH HEREIN. IF A RESPONSE IS FILED A HEARING MAY BE HELD WITH NOTICE ONLY TO THE OBJECTING PARTY. IF NO HEARING ON SUCH NOTICE OR MOTION IS TIMELY REQUESTED, THE RELIEF REQUESTED SHALL BE DEEMED TO BE UNOPPOSED, AND THE COURT MAY ENTER AN ORDER GRANTING THE RELIEF SOUGHT OR THE NOTICED ACTION MAY BE TAKEN.**

Leading Life Senior Living, Inc. (**"Debtor"**), following the effective date of August 14, 2023 ("**Effective Date**") of its Plan (define herein), hereby files this application (the **"Application"**), pursuant to Section 350(a) of title 11 of the United States Code (the **"Bankruptcy**

**Code"**) and Rule 3022 of the Federal Rules of Bankruptcy Procedure ("**Bankruptcy Rules**") for entry of a final decree, substantially in the form attached hereto (**"Proposed Final Decree"**), closing the Debtor's chapter 11 case, and in support thereof, respectfully states as follows:

## I. JURISDICTION AND VENUE

1. This Court has jurisdiction over this Motion under 28 U.S.C. § 1334(b). This Court can hear and determine this matter in accordance with 28 U.S.C. § 157 and the standing order of reference for bankruptcy cases and proceedings in this District. This matter is a core proceeding, and venue for this Motion is proper in this district under 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicates for the relief requested herein are Bankruptcy Code section 350(a), Bankruptcy Rule 3022, and Local Bankruptcy Rule 3022-1.

## II. RELEVANT BACKGROUND

3. On November 18, 2022 (the **"Petition Date"**), Debtor filed a voluntary petition for relief in this Court under chapter 11 of the Bankruptcy Code (the **"Case"**).

4. No committee, trustee or examiner was ever appointed in the Debtor's Case.

5. On February 8, 2023, the Court entered its *Order Approving the Sale of the Substantially All of the Debtor's Assets Pursuant to 11 U.S.C. § 363 and Granting Related Relief* [Docket No. 140], approving the sale of substantially all of the Debtor's assets, which consisted of two senior-living memory care centers, located in the Oklahoma City, Oklahoma area.

6. On March 20, 2023, the Debtor filed its *Notice of Closing of Sale of Substantially All Assets of the Debtor* [Docket No. 145].

7. On May 11, 2023, the Debtor filed its *Plan of Liquidation of Leading Life Senior Living, Inc. Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 153] (the "**Plan**").

8.　On June 29, 2023, the Court entered its *Findings of Fact, Conclusions of Law and Order Confirming the Debtor's Plan of Liquidation of Living Life Senior Living Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 178] ("**Confirmation Order**").

9.　On August 16, 2023, the Debtor filed its *Notice of: (I) Occurrence of Effective Date of the Debtor's Plan of Liquidation of Leading Life Senior Living, Inc. Pursuant to Chapter 11 of the Bankruptcy Code; and (II) Administrative Claims Bar Date* [Docket No. 187], providing notice to parties that the Effective Date of the Plan had occurred on August 14, 2023 ("**Effective Date**"), and that the deadline for filing administrative claims would occur on 30 days after the Effective Date.

10.　As of the Effective Date, GlassRatner Capital & Advisory Group, LLC d/b/a B. Riley Advisory Services was appointed as Plan Administrator ("**Plan Administrator**") to manage the Debtor's assets and effectuate payments pursuant to the Plan and in accordance with the Plan Administration Agreement [*See* Exhibit B to Docket No.167].

11.　A distribution to UMB Bank, N.A. in its capacity as bond trustee ("**Bond Trustee**") on behalf of the Debtor's secured bondholders was made on account on its allowed claim pursuant to the Plan on August 14, 2023 in the amount of $2,711,376.51. As of the date of filing this Application, the Debtor's remaining assets consist of $284,887.86 in cash ("**Remaining Estate Funds**"). The Plan Administrator proposes to distribute approximately $28,500.00 (the "**Plan Expenses**") of the Remaining Estate Funds to cover estimated existing estate expenses. The Plan Expenses are expected to cover all such amounts due through the entry of the Proposed Final Decree as follows: (i) $500 to the United States Truste for Section 1930 fees (defined below); (ii) $20,000 for fees and expenses owed to the Plan Administrator; (iii) $5,000 for fees and expenses owed to Ferguson Braswell Fraser Kubasta as counsel to the Plan Administrator; and (iv) $3,000

for fees and expenses owed to Omni Agent Services, the Debtor's claims and noticing agent. Pursuant to Article 4.4 of the Plan and Section 1.3 of the Plan Administration Agreement, the Plan Administrator proposes to distribute all Remaining Estate Funds to the Bond Trustee following payment of the Plan Expenses.

12. There are no adversary proceedings or any post-confirmation litigation pending in this Case. No claim objections were formally filed by the Debtor or the Plan Administrator and any claim objections raised informally have been resolved. All orders entered by the Court on professional fees have been come final.

13. The Debtor filed its most recent post-confirmation operating report on May 4, 2024 for the quarter ending March 31, 2024 [Docket No. 205].

### III. RELIEF REQUESTED AND BASIS THEREFOR

14. By this Application the Debtor seeks entry of a final decree closing its Case in accordance with Section 350(a) of the Bankruptcy Code, and Bankruptcy Rule 3022.

15. Section 350(a) of the Bankruptcy Code provides that "[a]fter an estate is fully administered and the court has discharged the trustee, the court shall close the case." 11 U.S.C. § 350(a). Bankruptcy Rule 3022, which implements section 350 of the Bankruptcy Code, further provides that "[a]fter an estate is fully administered in a chapter 11 reorganization case, the court, on its own motion or on motion of a party in interest, shall enter a final decree closing the case." Fed. R. Bankr. P. 3022. The term "fully administered" is not defined by either the Bankruptcy Code or the Bankruptcy Rules, but the Advisory Committee Note to Bankruptcy Rule 3022 provides, in relevant part:

> Factors that the court should consider in determining whether the estate has been fully administered include (1) whether the order confirming the plan has become final, (2) whether deposits required by the plan have been distributed, (3) whether the property proposed by the plan to be transferred has been transferred, (4) whether

> the debtor or the successor of the debtor under the plan has assumed the business or the management of the property dealt with by the plan, (5) whether payments under the plan have commenced, and (6) whether all motions, contested matters, and adversary proceedings have been finally resolved.
>
> The court should not keep the case open only because of the possibility that the court's jurisdiction may be invoked in the future. A final decree closing the case after the estate is fully administered does not deprive the court of jurisdiction to enforce or interpret its own orders and does not prevent the court from reopening the case for cause pursuant to §350(b) of the Code.

*In re Butan Valley, N.V.*, No. BR 07-36856, 2013 WL 1949536, at *1 (S.D. Tex. May 9, 2013) (citing *In re Union Home and Industrial Inc.*, 375 B.R. 912, 916-17 (10th Cir. B.A.P. 2007) (quoting Fed R. Bankr. P. 3022, Advisory Comm. Note (1991)). Courts have generally used the six factors listed in the Advisory Committee Note to determine whether a case has been fully administered. *See, e.g., In re Clayton*, 101 F.3d 697, 1996 WL 661099 at *1 (5th Cir. Oct. 15, 1996) ("Although rule 3022 does not define 'fully administered,' the Advisory Committee Notes provide some guidance, listing various factors a court should consider in determining whether an estate has been fully administered")*see also Clingman & Hanger Mgmt. Assocs. LLC v. Rieck*, No. 4:21-CV-02698, 2023 WL 2744399 (S.D. Tex. Mar. 30, 2023); *In re JCP Props. Ltd.*, 540 B.R. 596, 605-08 (Bankr. S.D. Tex. 2015) (granting motion for entry of final decree and finding that all applicable factors were present); *In re Valence Tech., Inc.*, 2014 WL 5320632 at *4 (Bankr. W.D. Tex. Oct. 17, 2014) (granting motion for entry of final decree despite pending appeals on rulings regarding two creditors' administrative claims). The six factors, however, are merely a guide to assist the court in its determination, and each of the factors need not be present before a court enters a final decree. *See In re Mold Makers*, 124 B.R. 766, 768 (Bank. N.D. Ill. 1990) ("[A]ll of the factors in the Committee Note need not be present before the Court will enter a final decree.");*see also Walnut Associates v. Saidel*, 164 B.R 487, 493 (E.D. Pa. 1994) (same, citing *Mold Makers*).

16. Courts have previously entered final decrees where future payments were possible or even contemplated under a chapter 11 plan. *See, e.g., Nat'l Union Fire Ins. Co. v. Eubanks,* 1995 WL 6279 at *1 (E.D. La. Jan. 9, 1995) ("A final decree may be entered even if plan payments are not totally completed and a possible default may exist."); *In re Jordan Mfg.*, 138 B.R. 30, 37 (Bankr. C.D. Ill. 1992) (quoting the Advisory Committee Note in stating that closing a case "should not be delayed solely because the payments required by the plan have not been completed"). Indeed, the Advisory Committee Notes to Bankruptcy Rule 3022 expressly provide that "[e]ntry of a final decree closing a chapter 11 case should not be delayed solely because the payments required by the plan have not been completed." Fed. R. Bankr. P. 3022, Advisory Comm. Note (1991); see also *In re Gould*, 437 B.R. 34, 38 (Bankr. D. Conn. 2010) (quoting *In re Jay Bee Enter., Inc.,* 207 B.R. 536, 539 (Bankr. E.D. Ky. 1997) in stating that "Rule 3022 allows the court flexibility. It does not require that a chapter 11 case be kept open until all awarded fees and allowed claims have been paid in accordance with the confirmed plan[.]")

17. In addition to the factors set forth in the Advisory Committee Note, courts have considered whether the plan of reorganization has been "substantially consummated" in determining whether to enter a final decree. *See JCP Props.*, 540 B.R. at 605-08 (commenting that "substantial consummation is the pivotal question here to determine the propriety of closing the [case]"); *Walnut Assocs.*, 164 B.R. at 493. The Bankruptcy Code defines "substantial consummation" as the:

   a. transfer of all or substantially all of the property proposed by the plan to be transferred;

   b. assumption by the debtor or by the successor to the debtor under the plan of the business or of the management of all or substantially all of the property dealt with by the plan; and

    c. commencement of distribution under the plan.

11 U.S.C. § 1101(2).

18. Finally, courts have noted that entry of a final decree is appropriate to stop the accrual of fees pursuant to 28 U.S.C. § 1930 ("**Section 1930 Fees**"). *See In re Junior Food Mart of Arkansas, Inc.,* 201 B.R. 522, 524 (Bankr. E.D. Ark. 1996) (closing case "in order that no further [Section 1930] [F]ees accrue"); *In re Jay Bee Enter., Inc.,* 207 B.R. at 539 (concluding that "it seems appropriate to close this case to stop the financial drain on the debtor" on account of the continuing accrual of Section 1930 Fees).

19. Here, the foregoing factors strongly weigh in favor of closing the Case. The Case has been "fully administered" within the meaning of section 350 of the Bankruptcy Code and the Plan has been substantially consummated, making it appropriate for the Court to enter the Final Decree closing the Case. Specifically, with respect to the Debtor:

- The Confirmation Order is final and non-appealable.

- Distributions under the Plan to creditors have been completed.

- The Effective Date of the Plan has occurred.

- The Plan Administrator has assumed control of the Debtor's property, consistent with the Plan and Plan Administration Agreement.

- All motions, contested matters, and adversary proceedings in the Debtor's Case (save this Application) have been finally resolved.

20. Based upon the foregoing, the Debtor submits that it is appropriate to close the Case. Further, as referenced above, the Debtor must pay Section 1930 Fees on a quarterly basis after confirmation and consummation of its Plan until its case is closed. Unless and until the Court enters the Final Decree closing the Case, quarterly fees will continue to accrue, and related reporting obligations will continue. Entry of the Final Decree will avoid the administrative cost

and expense associated with maintaining a chapter 11 case. As of the filing of the Application, all Section 1930 Fees have either been paid or will be paid as and when such fees come due.

21. For all these reasons, the Debtor requests, in accordance with section 350(a) of the Bankruptcy Code and Bankruptcy Rule 3022, that the Court enter the Final Decree closing the Case.

### IV.    NOTICE

22. Notice of this Application shall be provided to: (a) the Office of the United States Trustee for the Northern District of Texas (Attn: Elizabeth A. Young); and (b) those parties who have requested notice pursuant to Bankruptcy Rule 2002. The Debtor respectfully submits that such notice is sufficient and that no further notice of this Application is required.

**WHEREFORE**, the Debtor respectfully requests that the Court enter the Proposed Final Decree substantially in the form attached hereto, closing the Debtor's Case and granting the Debtor such other and further relief as may be just and proper.

Respectfully submitted:  June 25, 2024

**FERGUSON BRASWELL**
**FRASER KUBASTA PC**

By: /s/ *Rachael L. Smiley*
Rachael L. Smiley (State Bar. No.24066158)
2500 Dallas Parkway, Suite 600
Plano, TX 75093
Phone: 972-378-9111
Fax:   972-378-9115
rsmiley@fbfk.law

**COUNSEL FOR**
**POST-CONFIRMATION DEBTOR**

## CERTIFICATE OF SERVICE

      I certify that on June 25, 2024, a copy of the foregoing document was served electronically on the Electronic Case Filing System for the United States Bankruptcy Court for the Northern District of Texas upon all parties entitled to receive such notification, including all parties requesting notice under Rule 2002, and upon the Office of the United States Trustee at Elizabeth.A.Young@usdoj.gov

                                                   */s/ Rachael L. Smiley*
                                                    Rachael L. Smiley